UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERESA FARRIS; WARDELL BRAXTON; GIOVANNI KINSEY; GUADELUPE MONTEJANO; THOMAS EDDINGTON; PAUL McVAY; FRANK MURILLO; RICHARD VINSON, and all other people who are similarly situated,<br>    Plaintiffs,<br>    v.<br>FRANKLIN COUNTY, SHERIFF RICHARD LATHI and CAPTAIN RICK LONG,<br>    Defendants. | NO.  CV-14-05083-SAB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |

Before the Court is plaintiffs' Motion for a Temporary Restraining Order, ECF No. 4. Specifically, plaintiffs request a temporary restraining order (TRO) barring the Franklin County Jail from chaining prisoners to fixed objects for any period of time and for any reason. Plaintiffs also request that the Franklin County Jail be ordered to immediately place Mr. Richard Vinson in an appropriate

**ORDER DENYING THE PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** ~ 1

1 therapeutic setting. Unfortunately, at present, there is no proof in the record of
2 service on defendants.

3  Under Federal Rule of Civil Procedure 65, a TRO may be issued without
4 notice to the adverse party or its counsel only if: "(A) specific facts in an affidavit
5 or a verified complaint clearly show that immediate and irreparable injury, loss, or
6 damage will result to the movant before the adverse party can be heard in
7 opposition; and (B) the movant's attorney certifies in writing any efforts made to
8 give notice and the reasons why it should not be required." Fed.R.Civ.P. 65(b)(1).
9 Although the restrictions imposed under Rule 65 are stringent, they "reflect the
10 fact that our entire jurisprudence runs counter to the notion of court action taken
11 before reasonable notice and an opportunity to be heard has been granted both
12 sides of a dispute." *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters &*
13 *Auto Truck Drivers*, 415 U.S. 423, 438–439 (1974). Accordingly, there are "very
14 few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing*
15 *Ass'n Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir.2006) (courts have recognized
16 a "very narrow band of cases in which ex parte orders are proper"). For example,
17 notice may be excused where it "is impossible either because the identity of the
18 adverse party is unknown or because a known party cannot be located in time for a
19 hearing." *Id*. Or, notice may not be required where providing "notice to the
20 defendant would render fruitless the further prosecution of the action" because the
21 adverse party is likely to destroy evidence. *Id*.  Additionally, a temporary
22 restraining order is generally restricted to its underlying purpose of preserving the
23 status quo and preventing irreparable harm just so long as is necessary to hold a
24 hearing, and no longer. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236
25 F. Supp. 2d 1152 (D. Haw. 2002).

26  Plaintiffs allege that the Franklin County Jail regularly engages in the
27 practice of punitive shackling of inmates to fixed objects for days on end, and that
28 the jail shackles inmates who are on suicide watch to a fence located in the jail's

**ORDER DENYING THE PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** ~ 2

booking area wearing only a smock. Plaintiffs also allege that inmates are denied access to mental health care. Although these allegations are troubling, the record before the Court does not warrant a TRO. The use of shackles by jails does not necessarily violate an inmate's civil rights. *See generally Spain v. Procunier*, 600 F.2d 189 (9th Cir. 1979), *Anderson v. County of Kern*, 45 F.3d 1310 (9th Cir. 1995). Defendants have not yet responded to the allegations and may not have been served with a copy of either the Complaint or the Motion for Temporary Restraining Order. Additionally, the record has no admissible evidence regarding the medical condition of any of the named plaintiffs, the reasons why shackles were used by the jail, how long such shackles were used, viable alternatives, the behavioral records regarding the plaintiffs, expert testimony regarding standard jail practices, or whether the plaintiffs have exhausted available administrative remedies or grievances, if any.

Plaintiffs' Motion for a Temporary Restraining Order is denied because they have failed to make an adequate showing, supported by admissible evidence, of immediate irreparable harm. *See* Fed.R.Civ.P. 65(b). Furthermore, because the plaintiffs seek to alter rather than preserve the status quo, a TRO is an inappropriate remedy.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Expedite, ECF No. 5, is **GRANTED**.
2. Plaintiffs' Motion for a Temporary Restraining Order Re: Restraints, ECF No. 4, is **DENIED**.
3. Plaintiffs are directed to properly serve the Defendants.
4. Plaintiffs' counsel are directed to meet and confer with counsel for defendants, and then to contact the courtroom deputy to schedule a hearing for plaintiffs' motion for a preliminary injunction if desired.

//
//

**ORDER DENYING THE PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** ~ 3

1      **IT IS SO ORDERED.** The District Court Executive is hereby directed to
2  file this Order and provide copies to counsel.

4      **DATED** this 5th day of August, 2014.



STANLEY A. BASTIAN
United States District Judge

**ORDER DENYING THE PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** ~ 4