UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERESA FARRIS; WARDELL BRAXTON; GIOVANNI KINSEY; GUADELUPE MONTEJANO; THOMAS EDDINGTON; PAUL McVAY; FRANK MURILLO; RICHARD VINSON, and all other people who are similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>FRANKLIN COUNTY, SHERIFF RICHARD LATHI and CAPTAIN RICK LONG,<br><br>    Defendants. | NO. 4:14-CV-05083-SAB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION RE: TRO** |

Before the Court is the plaintiffs' Motion for Reconsideration of the Court's Order Denying Plaintiffs' Motion for a Temporary Restraining Order, ECF No. 10. The motion was heard without oral argument.

Previously, the plaintiffs alleged that the Franklin County jail regularly engaged in unconstitutional practices such as denying inmates access to mental health care, confining inmates to solitary confinement for lengthy and unhealthy periods of time, shackling inmates to fixed objects for days on end, and shackling inmates on suicide watch to a fence located in the jail booking area wearing only a

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION RE: TRO ~ 1

smock. The plaintiffs requested a temporary restraining order barring those practices. This Court denied the request for several reasons including, the lack of service of process or reasonable notice to the defendants, the lack of a response from the defendants, and the lack of admissible evidence of immediate and irreparable harm. This Court invited the parties to schedule a hearing for a preliminary injunction, but instead the plaintiffs filed this motion for reconsideration.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). It is considered an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*. A motion under Rule 59(e) "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*. (emphasis in original).

Here, the plaintiffs have not presented newly discovered evidence, or argued there is an intervening change in the controlling law. Instead, the plaintiffs suggest the Court committed clear error. Moreover, the plaintiffs' Motion for Reconsideration is more narrowly focused than the original motion for temporary restraining order because the plaintiffs now seek to enjoin only the alleged practice of shackling inmates to fixed objects with metal restraints. The defendants have responded with evidence that a temporary restraining order is not necessary because no inmates are currently chained to fixed objects and the need to use such restraints has been substantially reduced because the jail was recently renovated. Consequently, the plaintiffs have not met the standard for a motion for reconsideration, nor have they met the standard for the issuance of a temporary

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION RE: TRO ~ 2

restraining order.

A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–439 (1974). Federal Rule of Civil Procedure 65 governs temporary restraining orders and requires that a motion for such an order include specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Fed. R. Civ.P. 65(b). Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Accordingly, there are "very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

The plaintiffs' motion for reconsideration is denied because there is no evidence of immediate and irreparable injury and a restraining order is not required to preserve the status quo. The allegations made by the plaintiffs are serious and concerning, but they remain unproven. Additionally, many of the allegations have either been explained or denied by the defendants. The written record before the Court does not provide the necessary evidence or legal justification for either a temporary restraining order or a preliminary injunction. This dispute, and the serious issues raised by the plaintiffs, cannot and should not be resolved based only on a written record and without a full hearing on the merits.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Reconsideration of the Court's Order Denying Plaintiffs' Motion for a Temporary Restraining Order, ECF No. 10, is **DENIED**.

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION RE: TRO ~ 3

2. Plaintiffs are granted leave to file a motion for preliminary injunction only if they have evidence that an inmate has been chained to a fixed object for an unreasonable period of time, or if they have evidence of immediate and irreparable harm. Otherwise, the issues raised by the plaintiffs in the Amended Complaint must be resolved after a full hearing on the merits.

3. A telephonic scheduling conference will be set after the defendants file their Answer to Plaintiffs' Amended Complaint.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 8th day of September, 2014.



Stanley A. Bastian
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION RE: TRO ~ 4