UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERESA FARRIS, et al., | |
| Plaintiffs, | NO.  4:14-cv-05083-SAB |
| v. | |
| FRANKLIN COUNTY, et al., | |
| Defendants. | **PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order is hereby entered by the Court.

1.      This order shall govern the use and disclosure of information and material designated in good faith by a party to this litigation, or by a third party from whom discovery is sought in this litigation, as being confidential, which is contained in: (a) any documents, written discovery response, or tangible evidence produced in this litigation by means of discovery or trial, and (b) any transcripts of depositions taken in this action. This order establishes a procedure for the expeditious handling of Confidential Information; it shall not be construed as an agreement or ruling on the confidentiality of any document.

As used herein, "Confidential Information" shall include health care record information or documents, and any information or documents from which the identity of a patient may be ascertained, including "Protected Health Information"

**PROTECTIVE ORDER** ~ 1

as defined in 45 CFR 160.103 and "Health Care Information" as defined in RCW 70.02.010. "Confidential Information" also includes "the records of a person confined in a jail" under RCW 70.48.100(2).

When used in the Order, the word "documents" means all written, recorded or graphic matter whatsoever, including, but not limited to, materials produced pursuant to Fed. R. Civ. P. 34, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admission, and any portion of any Court papers that quote from any of the foregoing.

2. The attorneys of record, and all others to whom any of such designated Confidential Information and material is disclosed, are ordered to maintain such designated Confidential Information and material in strict confidence, are ordered not to disclose such designated Confidential Information and material except in accordance with this order, and are ordered to use such designated Confidential Information and material solely for this litigation. All produced Confidential Information and material shall be carefully maintained in secure facilities (such as law firm offices), and access to such Confidential Information and material shall be permitted only to persons properly having access thereto under the terms of this order.

3. Confidential Information or material (including any copies thereof, notes made therefrom, and the information contained therein) may be disclosed only to the following persons:

3.1 Authors, originators, or original recipients of the Confidential Information or material.

3.2 The parties to this action, including any putative or current class members.

3.3 Employees and officers of a party to this action, to the extent that such officers and directors have a need to know the Confidential Information for the conduct of this litigation.

**PROTECTIVE ORDER** ~ 2

3.4     The attorneys of record in this litigation and employees or contract personnel retained by such attorneys' offices (such as secretaries, legal assistants, and document copying, coding, or imaging services) to whom it is necessary to disclose such information or material in furtherance of the prosecution or defense of this action, and any mediator selected to mediate this matter.

3.5     The Court and its personnel, as necessary in support of motions, pleadings and other court papers and proceedings.

3.6     Court reporters and their assistants, to the extent reasonably necessary for reporting of depositions and hearings.

3.7     Non-party witnesses in a deposition, but only if consent is obtained from opposing counsel or the party proposing to disclose the material first provides the material to opposing counsel prior to providing Confidential Information to the witness at the deposition. When Confidential Information is shown to a non-party witness in a deposition, the deponent and the deponent's counsel shall be provided a copy of this Protective Order, and shall be informed on the record that they are bound by the terms of this Protective Order.

3.8     Experts retained by an attorney to whom disclosure may be made pursuant to Paragraph 3.4, but only to the extent that the expert, prior to receiving any Confidential Information or material, has received a copy of this order and signed an agreement (in substantially the form presented in Exhibit A hereto) evidencing his intent to be bound by its terms, including his agreement not to divulge any Confidential Information or material to any other person, his agreement not to use any Confidential Information or material for any purpose other than this litigation, and his consent to the jurisdiction and contempt power of this Court with respect to the enforcement of the order.

4.     Confidential records shall be used solely for the purpose of conducting the action entitled *Farris, et al. v. Franklin County, et al.,* Case No. 4:14-cv-05083-SAB, unless the person who is the subject of such confidential

**PROTECTIVE ORDER** ~ 3

material, or that person's legal guardian, if applicable, authorizes its use for any particular purpose.

5.    When the parties file pleadings, motions, affidavits, declarations, deposition transcripts, briefs, or other documents with the Court that refer to individuals covered by this Protective Order, the parties must ensure that the individuals' names are not used and rather must replace each name with a designated letter or letters. Absent circumstances not in the control of either party, each individual covered by this Protective Order must be identified during discovery, and the parties shall agree upon the unique assigned letter(s) designation as soon as possible following identification of the individual and exchange of confidential records. In the event a party files pleadings with the Court that refer specifically to a person whose confidential information is the subject matter of this Protective Order and whose identifying initials or letters have not yet been agreed to, that party must notify opposing counsel as to the identity and corresponding designated letter(s) contained in the pleadings.

6.    <u>Use of Confidential Information During Discovery:</u>

<u>Depositions.</u> A party may designate as confidential the deposition transcript and all exhibits to the deposition by indicating on the record at the deposition that certain information is confidential and subject to the terms of this Protective Order. Alternatively, the party may make a confidential designation by notifying all parties in writing within twenty (20) days after the deposition transcript is received by the party of the portions of the transcript and/or exhibits designated as confidential. During this interim twenty (20) day period, the entire transcript and the exhibits attached thereto shall be treated by all the parties as confidential. All transcripts and deposition exhibits containing any confidential information shall be marked: **"CONFIDENTIAL. Subject to restriction by a Protective Order."**

///

///

**PROTECTIVE ORDER** ~ 4

<u>Interrogatories and Requests for Production, and other discovery related</u>
<u>matters.</u> Use of Confidential Information during discovery shall be designated as
follows:

(a)    To designate a document as one containing Confidential
Information, the party producing the document, shall stamp the
first page and every page thereafter as follows:
**"CONFIDENTIAL. Subject to restriction by a Protective
Order."**

(b)    All confidential documents produced by the parties during
discovery shall be stamped as indicated in paragraph 6(a)
above.

(c)    Any responses to interrogatories, requests for production, or
requests for admission, which are designated by a party as
containing Confidential Information, shall be submitted in a
separate document with each page stamped as indicated in
paragraph 6(a) above.

(d)    If documents are produced on a computer disc, and all
documents on the disc contain confidential information, they
shall all be designated confidential by application to the disc of
a sticker bearing the language set out in paragraph 6(a). If any
of the documents are used at depositions or attached to
pleadings, each page of these documents shall be stamped as
indicated in paragraph 6(a).

7.    A party may, subject to the rules of evidence and order of the Court,
use any Confidential Information for any purposes at trial or at any hearing before
a judicial officer in the above entitled action. Any Confidential Information used in
any court proceeding shall not lose its confidential status through such use, unless
the Court orders otherwise.

8.    If use or disclosure of Confidential Information is authorized pursuant
to other law unrelated to this litigation, nothing in this Order shall be deemed to
restrict the use or disclosure of Confidential Information by any party or putative

**PROTECTIVE ORDER** ~ 5

class member of documents, information, or materials held by that party or putative class member. The person who is the subject of such confidential material, or that person's legal guardian, if applicable, may authorize that otherwise confidential material may be treated as non-confidential information during this litigation.

9.    Any party may seek an order of the Court modifying this order, seek greater or lesser protection for any information or material sought to be discovered, or seek an order pursuant to Fed. Rule Civ. P. 26(c) or other applicable rule or law that other Confidential Information not be revealed.

10.    The disclosure by the producing party of Confidential Information or material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality with respect to third parties, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Nothing in this order shall be deemed to waive any claim of privilege or of work product immunity.

11.    Within thirty (30) days after the conclusion of the above entitled action, including, without limitation, any appeal or retrial, all Confidential Information, including copies, extracts, or summaries, shall be returned to counsel who provided it, unless that person who is the subject of such confidential material or that person's legal guardian, if any, directs that such materials be given to that person's legal guardian instead of the producing party or upon consent of counsel for the producing party. Alternatively, a party or counsel in possession of documents containing confidential information shall certify in writing within the 30-day period that all such documents have been destroyed. As to those materials which contain confidential information, but constitute or reflect counsel's work product, all such work product and all copies shall either be destroyed or retained by counsel in a secure place, subject to this Protective Order. Notwithstanding the

**PROTECTIVE ORDER** ~ 6

foregoing, counsel for each party may retain one copy of all documents related to this litigation.

12. Should any confidential information be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, then the disclosing person(s) shall promptly: (a) identify the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s); and (b) use best efforts to bind the recipients to the terms of this Protective Order. No information shall lose its confidential status because of its disclosure to a person not authorized to receive it under this Protective Order.

13. In the event that any Confidential Information or material is included with any pleading, motion, deposition transcript, or other paper filed with the Clerk of this Court, such information or material shall be submitted as an attachment and the attachment shall be filed under seal and prominently marked with the words **"CONFIDENTIAL INFORMATION – FILED UNDER SEAL."**

14. The Clerk **shall seal** the following documents that have already been filed in this action:

ECF Nos. 19-1; 19-2; 19-3; 19-4; 19-5; 19-6; 19-7; 19-8; 19-9; 19-10;  and 19-11.

15. The parties may at any time stipulate to a modification of this order by the Court as to any particular portion of the Confidential Information or material, without affecting the continuing validity of this order as to any other Confidential Information or material.

16. Upon conclusion of the above entitled action, the provisions of this Protective Order shall continue to be binding.

17. This Protective Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by Order of this Court made upon reasonable written request.

///

///

**PROTECTIVE ORDER** ~ 7

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **seal** the documents indicated in paragraph 14.

**DATED** this 12th day of January 2015.



Stanley A. Bastian
United States District Judge

**PROTECTIVE ORDER** ~ 8

EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECIVE ORDER

The undersigned, _____, hereby acknowledges that he or she has received a copy of the Protective Order entered in *Farris, et al. v. Franklin County, et al.*, United States District Court for the Eastern District of Washington, Case No. 4:14-cv-05083-SAB, and has read and agrees to be bound by all of the provisions thereof. The undersigned agrees not to divulge any Confidential Information or material to any other person, and not to use any Confidential Information or material for any purpose other than this litigation. In addition, the undersigned consents to the jurisdiction and contempt power of this Court with respect to the enforcement of the order.

DATED this _____ day of _____, 20__.

_____